Weldon, J.,
delivered the opinion of the court:
The claim made by the petition is for compensation as midshipman on waiting orders, and ensign from the 30th of June, 1883, until the 1st day of January, 1887, amounting to the sum of $1,655.47, after deducting the amount of $950, paid by the defendants.
The case was tried at the present term, and a judgment dismissing the petition was entered. The claimant now makes a motion for a new trial, in order that he may have an opportunity to be heard again on the merits, with a view of reversing the former judgment of the court. The motion has been ably and elaborately argued by the counsel for the petitioner and the attorney for the Government, which has given to the claimant all the advantage he could derive from a retrial of the cause. In the consideration of this motion the court has fully exam *411 ined all tlie questions presented by the record, aided by the very able re-argument of counsel for claimant. The facts are briefly as follows:
The petitioner entered the Naval Academy in September, 1877, pursued a course of study for four years, passed a successful examination, and at the end of said period received from the Academic Board a certificate as follows:
“ This certifies that Oadct-Midshipman Eugene M. Harmon has completed the prescribed coarse of study at the United States Naval Academy, and has successfully passed the required examination before the academic board, preparatory to the two .years’ course afloat.
‘‘June 10,1881.”
On the 2d of June, 1881, he was detached from the Naval Academy, and on the 25th of August was ordered to sea. On the 10th of March, 1883, he was detached from the United States flag-ship, ordered to proceed to Annapolis and report to the Superintendent of the Naval Academy for examination. In pursuance to said order, he was examined on the 15th of June, 1883, and received the following certificate:
“ We, the academic board of the United States Naval Academy, having thoroughly examined Naval Cadet Eugene M. Harmon on all the subjects, theoretical and practical, taught at this institution, and having found him proficient in each, do hereby, in conformity with the law, gi ant to him this certificate of graduation. .
“ June 15,1883.”
On the 23d of said month an order was issued detaching claimant from the Naval Academy, directing him to await orders; and on the 26th of June following the Secretary of the Navy', after reciting his graduation, and there being no vacancy in the service, discharged him, with one year’s sea pay from the 30th of June, under the provisions of the act approved August 5,1882.
The last-named order is as follows:
“Sir: Having successfully completed your six years’ course at the United States Naval Academy, and having been given a certificate of graduation by the Academic Board, but not being required to fill any vacancy in the service happening during the year preceding your graduation, you are hereby discharged from the 30th of June, 1883, with one year’s sea pay, as pre *412 scribed by law for cadet-midshipmen, in accordance with the provisions of the act approved August 5th, 1882.
Respectfully,
“W. E. CHANDLER,
“ 8eo’y of Navy.
“ Naval Cadet Etjg-ene M. Harmon,
Navy, Annapolis, Maryland.”
The contention on the part of the claimant is stated in a paragraph of his counsel’s brief as follows:
“The question is simply this: What is the pay of a cadet-midshipman for the time between his graduation and receiving’ his appointment as midshipman '? Will the accidental or intentional delay in making the appointment deprive the claimant of that which by the law and the contract he is entitled to re-seive I ”
The form of the statement ignores the existence of the statute of August 5, 1882, or, by implication, assumes that so far as the rights of the claimant are concerned they are unaffected by the provisions of that law. If the statute conferred the power assumed by the Secretary of the Navy, then the claimant was not in the legal status of a cadet-midshipman, but was disconnected with the naval service, and therefore not entitled to any pay. The twelfth section of the Act July 15, 1870 (16 Stat. L., p. 334), provided:
“When cadet-midshipmen shall have passed successfully the graduating examination at said Academy, they shall receive appointment as midshipmen, ranking according to merit, and may be promoted to the grade of ensign as vacancies in the number allowed by law in that grade may occur.”
Section 1520 of the Revised Statutes provides:
“ The academic course of midshipmen shall be six years.”
The-term of six years which the claimant was to serve in the Naval Academy expired on the 23d day of June, 1883, by limitation of law, and by the express direction of the Secretary of the Navy the claimant became disconnected with the Naval Academy.
Section 1521 provides that—
“When cadet-midshipmen shall have passed successfully the graduating examination at the Academy they shall have appointments as midshipmen, and shall take rank according to their proficiency, as shown by the order of merit at the date of graduation.”
*413 As provided by these sections, the claimant would be entitled to an apj)ointment by the President, and upon such appointment he would be entitled to whatever the law attaches to the position as an emolument.
At the time the act of 1882 was passed the rights of the midshipmen were determined by section 1521 of the Bevised Statutes, but after the passage of that act, the rights of those intended to be affected by it became and were very different. In the opinion of the court in the decision of this case it is said:
“The number of men in the Army and Navy is dependent upon the will of Congress, and in the legislation incident to that question the highest rights of sovereignty are exercised by the Government.”
If the act of 1882 is within the constitutional power of Congress, the action of the Secretary being.in strict accordance to said act, the rights of the claimant become subject to that act, and the discharge of the claimant was in strict pursuance of legal power. Although the Supreme Court has not directly passed on the constitutionality of said act, it has been referred to in such a way as that the constitutionality of the act may arse from implication.
Holding as we must that said statute is constitutional, it follows that we must adhere to the law upon which the rights of the claimant were adjudicated, and overrule the motion for a new trial.